

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **SHANNON MONIQUE GIBSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 2:12-CV-3901-VEH** |
| | ) |
| **VALLEY AVENUE DRIVE-IN** | ) |
| **RESTAURANTS, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

---

## MEMORANDUM OPINION AND ORDER

### I.    INTRODUCTION

This job discrimination case was brought by Plaintiff Shannon Monique Gibson ("Ms. Gibson") against Valley Avenue Drive-In Restaurants, LLC ("Valley") under Title VII of the Civil Rights Act of 1964. (Doc. 1). Ms. Gibson is representing herself in this litigation. On December 19, 2013, the court dismissed Ms. Gibson's lawsuit with prejudice on summary judgment. (Docs. 45, 46).

The action is now before the court on Ms. Gibson's multiple motions for reconsideration (Docs. 47, 49), which the court treats collectively as a Rule 59(e) Motion To Alter or Amend the December 19, 2013 Judgment (the "Motion"). The Motion challenges the court's decision to dismiss this lawsuit with prejudice on the

basis that the court committed "[a] manifest failure . . . [by not] consider[ing] disputed facts, [such as a] witness statement of a male carhop, a photo, interrogatories, request for admissions, [and that] plaintiff was denied documents during discovery, which was presented to the court before discovery had ended."  (Doc. 47 at 2).

Valley opposed the Motion on December 26, 2013  (Doc. 48), and Ms. Gibson has replied.  (Docs. 49, 50).  Therefore, the Motion is now under submission.  For the reasons explained below, the Motion is **DENIED**.

## II.    STANDARDS

### A.     Rule 59(e)

The framework for evaluating Rule 59(e) motions is straightforward:

> [The Eleventh Circuit] review[s] the denial of a Rule 59 motion for abuse of discretion.  *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006).  "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."  *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999).  "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir.  2005).

*Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

### B.    *Pro Se* Litigants

A *pro se* party, such as Ms. Gibson,  must follow court orders.  *See, e.g., Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in

2

court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."); *Alba v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'" (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))).

Likewise, "the onus is upon the parties to formulate arguments . . . [,]" *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (citing *Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994)), and "it remains plaintiff's responsibility to identify and comply with the rules, and to litigate h[er] claims." *July v. Board of Water and Sewer Comm'rs of City of Mobile*, No. 11–0635–WHS–N, 2013 WL 66646, at *1 n.1 (S.D. Ala. Jan. 4, 2013).  This court cannot and will not operate as counsel for a *pro se* litigant.  *See Polk v. Sears, Roebuck, and Co.*, No. 11-0725-WHS-B, 2012 WL 1145047, at *2 n.3 (S.D. Ala. Apr. 4, 2012) ("Neither this Court nor the Clerk's Office can or will act as *de facto* attorney for Polk merely because she is an IFP litigant." (citing *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009))).

## III.   ANALYSIS

In her Motion, Ms. Gibson asks this court to excuse the admitted evidentiary deficiencies contained in her opposition to Valley's summary judgment motion on account of her legal inexperience and "her shortcomings of not having any legal knowledge . . . [,]" (Doc. 50 at 2 ¶ 1), asserts that she has proof to dispute "more than a dozen of [Valley's] uncontested facts …  [,]" (Doc. 50 at 7 ¶ 20), and "prays that she is granted reconsideration . . . ." because her "evidence will show that . . . there are material [disputed] facts that do exist." (*Id.* ¶¶ 22, 21).

However, Ms. Gibson's arguments all fail to meet the Rule 59(e) standard, as they present neither "newly-discovered evidence [n]or manifest errors of law or fact." *Arthur v. King*, 500 F.3d at 1343.[1]  Instead, her Motion seeks to obtain a second chance to present opposing proof and positions despite having had ample notice of Rule 56's requirements and an opportunity to provide this information to the court previously.

Furthermore, all Ms. Gibson has done in her Motion is make conclusory

---

[1]  Alternatively, the Motion is **DENIED** because Ms. Gibson fails to cite to any on-point legal authority in support of her contentions that reconsideration of the court's summary judgment ruling in favor of Valley is warranted here.  The court is under no obligation to consider the merits of such undeveloped positions.  *Cf. Flanigan's Enters., Inc. v. Fulton County*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court); *cf. also Moon*, *supra*.

assertions that there are facts she would dispute, but she has not even stated what those particular facts are, much less substantiated them in any meaningful manner. This court is soundly within its discretion to decline Ms. Gibson's amorphorus request to reopen the record so that she can attempt to bolster her opposition to summary judgment. *See American Home Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) ("There is a significant difference between pointing out errors in a court's decision on grounds that have already been urged before the court and raising altogether new arguments on a motion to amend; if accepted, the latter essentially affords a litigant 'two bites at the apple.'" (citing *Union Planters National Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982))).

## IV.   CONCLUSION

For the reasons set forth above, the Motion is **DENIED**.

**DONE** and **ORDERED** this the 7th day of January, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge